# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **TRIANGLE CAYMAN ASSET COMPANY 2,** <br><br> Plaintiff <br><br> v. <br><br> **EMPRESAS OMAJEDE, INC.,** <br><br> Defendant. | CIV. NO. 17-2372 (PG) |

## OPINION AND ORDER

On December 20, 2017, plaintiff Triangle Cayman Asset Company 2[1] ("plaintiff" or "TCAC2") filed the above-captioned diversity claim for collection of monies and foreclosure of collateral against defendant Empresas Omajede, Inc.[2] ("defendant" or "Empresas"). See Docket No. 1. After a temporary stay following the aftermath of Hurricane Maria, the defendant filed a motion to dismiss for lack of jurisdiction[3] along with a request to conduct limited discovery as to the parties' diversity. See Dockets No. 21-22. The court granted the limited discovery request, as well as several extensions of time to the jurisdictional discovery deadline. See Dockets No. 23, 28, 32, 42, 45. The record reflects that the parties engaged in various disputes during this process, leading to defendant's second motion to compel, which is now pending. See Docket No. 35. Defendant also filed a renewed motion to dismiss for lack of jurisdiction in the face of

---

[1] Pursuant to the allegations in the complaint, TCAC2 "is an exempt, for-profit corporation, organized and existing pursuant to the laws of the Cayman Islands" and "has a place of business in the state of Texas and, for diversity jurisdiction purposes, also has its principal place of business in San Francisco, California." See Docket No. 1 at page 2.

[2] Pursuant to the allegations in the complaint, Empresas "is a for-profit corporation duly organized and existing under the laws of the Commonwealth of Puerto Rico." See Docket No. 1 at page 2.

[3] The court denied this motion without prejudice considering request to file a renewed motion to dismiss upon conclusion of jurisdictional discovery proceedings. See Docket No. 34.

objections to the purportedly incomplete discovery produced by the plaintiff. See Docket No. 46.

In its motion to dismiss, defendant essentially argues that this court lacks jurisdiction because, in reality: (1) plaintiff is an entity that does business exclusively in Puerto Rico by means of an alter ego, and (2) Puerto Rico is plaintiff's true principal place of business. See id. The defendant contends that Capital Crossing Puerto Rico, LLC, a Puerto Rico limited liability company, controls the business and assets of TCAC2 in Puerto Rico and is thus its alter ego. Additionally, defendant purports that the real party in interest in TCAC2's loan acquisition business is its sister company, which is registered in Puerto Rico. As to this alleged scheme, defendant accuses plaintiff of withholding "all the relevant information and documents pertaining to the sister entities and the attributions and delegations between said entities … devised to 'avail itself' of certain unspecified tax benefits." Docket No. 46 at page 4. In sum, defendant argues that diversity is lacking and that plaintiff's allegations are insufficient to establish diversity.

In its opposition, TCAC2 argued that while it "owns a portfolio of loans with collateral in Puerto Rico, that is not the relevant inquiry for establishing diversity jurisdiction." Docket No. 55 at page 3. Instead, it contends that pursuant to the applicable law, it can only be deemed a citizen of the Cayman Islands (its place of incorporation) and of Texas and California (its principal place of business). See Docket No. 55.

Federal courts are courts of limited jurisdiction. "Federal courts have jurisdiction over controversies arising between 'citizens of different states,' provided that the amount in controversy exceeds $75,000." Garcia Perez v. Santaella, 364 F.3d 348, 350 (1st Cir. 2004); see also 28 U.S.C. § 1332(a)(1). This court has the responsibility "to police the border of federal jurisdiction." Spielman v. Genzyme Corp., 251 F.3d 1, 4 (1st Cir. 2001). This responsibility includes the duty to "rigorously enforce the jurisdictional limits that Congress chooses to set in

diversity cases." Rosario Ortega v. Star Kist Foods, 213 F.Supp.2d 84, 87 (D.P.R. 2002) (citing Coventry Sewage Assoc. v. Dworkin Realty Co., 71 F.3d 1, 3 (1st Cir. 1995)). The requirement that there be complete diversity of citizenship between all plaintiffs and all defendants is one such limit. See Casas Office Machines, Inc. v. Mita Copystar America, Inc., 42 F.3d 668, 673 (1st Cir. 1994).

"[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). "Several years ago, the Supreme Court established beyond any doubt that federal courts must employ the 'nerve center' test to determine the location of a corporation's principal place of business." Harrison v. Granite Bay Care, Inc., 811 F.3d 36, 40 (1st Cir. 2016) (citing Hertz Corp. v. Friend, 559 U.S. 77, 80–81 (2010)). "The phrase 'principal place of business' in 28 U.S.C.S § 1332(c)(1) refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." Transportation & Storage Sols. Inc. v. KLT Indus., Inc., No. CIV.A. 13-40137-TSH, 2014 WL 5320174, at *3 (D. Mass. Oct. 17, 2014) (citing Hertz, 559 U.S. at 80–81).

This court's subject matter jurisdiction has been previously questioned under comparable circumstances and pursuant to similar arguments as the ones raised here.

For example, in Bautista Cayman Asset Co. v. The Ferrer Grp., Inc., No. CV 15-2277 (GAG), 2016 WL 1642630 (D.P.R. Apr. 25, 2016), defendants sought dismissal of plaintiff's collection and foreclosure action arguing that plaintiff did not establish diversity of citizenship under 28 U.S.C. § 1332. Plaintiff, Bautista Cayman Asset Company, countered that complete diversity existed because it was a corporation organized under the laws of the Cayman Islands and that Texas was its principal place of business. Indeed, it stemmed from the court's opinion and order that defendants themselves had found public records evincing plaintiff's corporate registration in the Cayman Islands. Relying on this documentary evidence and plaintiff's

allegations regarding its principal place of business outside of Puerto Rico, the court denied defendants motion to dismiss concluding that Bautista was able to assert diversity jurisdiction. Id. at *3.

Thereafter, on July 18, 2018, another fellow district judge also denied a motion requesting dismissal of a foreclosure claim filed by Bautista Cayman Asset Company against defendant Asociacion de Miembros de la Policia de Puerto Rico ("AMPPR"). See Bautista Cayman Asset Co. v. Asociacion De Miembros De La Policia De Puerto Rico, No. CV 17-1167 (CCC), 2018 U.S. Dist. LEXIS 125412 (D.P.R. July 18, 2018). In said motion, AMPPR claimed that this court lacked subject matter jurisdiction because, as here, Bautista was a "dummy" corporation created for the sole purpose of manufacturing diversity jurisdiction and its principal place of business was really Puerto Rico. The court noted that Bautista produced a sworn statement by its director, Joshua Peck, and a Certificate of Incorporation, both of which certified that Bautista was incorporated in the Cayman Islands and in good standing under the laws of said jurisdiction. Additionally, Bautista affirmed that its representatives met in Boston, either in person or by telephone or video conference from California or Texas, and that its officers made business decisions from either California or Texas. Consequently, the court held that Bautista's nerve center, for purposes of determining citizenship, was not Puerto Rico. The court thus concluded that Bautista had "established that there is complete diversity between the parties for us to have subject-matter jurisdiction over this action." Id. At *5.

This court is now presented with an identical question: whether or not the doors of this court are open to TCAC2's diversity claim.

In its motion to compel, Empresas attached TCAC2's answer to interrogatories signed by TCAC2's Director, Joshua Peck. See Docket No. 37-1. Therein, TCAC2 asserted under penalty of perjury that it is an exempted company organized and in good standing under the laws of the Cayman Islands. TCAC2 supported its answers referring to documents it produced

to Empresas. See Docket No. 37-1 at page 5. To that effect, Empresas admitted in its motion that TCAC2 produced "documentation regarding the alleged corporate structure of TCAC-2," including a "standard form Memorandum and Articles of Association in the Cayman Islands." Docket No. 46 at page 3. TCAC2 also affirmed in its sworn answers that, through its officers, it conducts its business from Texas, New York and California. See Docket No. 37-1 at page 5. It also stated that it sometimes held meetings in Boston, Massachusetts; and that officers would participate either in person or by telephone or video conference. See id. at page 11.

Having been presented with similar proof of citizenship, this court will not deviate from the conclusions reached by fellow judges in this district court. As such, the court finds that TCAC2 has sufficiently established it is not a citizen of Puerto Rico, and thus, the motion to dismiss (Docket No. 46) is **DENIED**. Consequently, defendant's motion to compel jurisdictional discovery (Docket No. 35) is deemed **MOOT**.

**IT IS SO ORDERED**.

In San Juan, Puerto Rico, April 3, 2019.

S/ JUAN M. PÉREZ-GIMÉNEZ
**JUAN M. PEREZ-GIMENEZ**
**SENIOR U.S. DISTRICT JUDGE**