IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**TRIANGLE CAYMAN ASSET COMPANY 2,**

   Plaintiff

     v.

**EMPRESAS OMAJEDE, INC.,**

   Defendant.

CIV. NO. 17-2372 (PG)

## OPINION AND ORDER

On December 20, 2017, plaintiff Triangle Cayman Asset Company 2[1] ("plaintiff" or "TCAC2") filed the above-captioned diversity claim for collection of monies and foreclosure of collateral against defendant Empresas Omajede, Inc.[2] ("defendant" or "Empresas"). See Docket No. 1. A review of the record reflects that the parties have engaged in various disputes during the course of discovery, and defendant has deemed it necessary to file various motions to compel (Docket No. 30, Docket No. 35). Empresas has now decided to change strategy and instead, filed a motion to dismiss requesting the dismissal of plaintiff's claim as a sanction for violating the rules of discovery. In its motion, defendant raises several issues. First, it complains about plaintiff's multiple requests to extend the discovery deadline, which defendant acquiesced to. Second, defendant objects to the identity of the officer that signed plaintiff's responses to interrogatories and requests for documents. Apparently, the signor is from Puerto

---

[1] Pursuant to the allegations in the complaint, TCAC2 "is an exempt, for-profit corporation, organized and existing pursuant to the laws of the Cayman Islands" and "has a place of business in the state of Texas and, for diversity jurisdiction purposes, also has its principal place of business in San Francisco, California." See Docket No. 1 at page 2.

[2] Pursuant to the allegations in the complaint, Empresas "is a for-profit corporation duly organized and existing under the laws of the Commonwealth of Puerto Rico." See Docket No. 1 at page 2.

Rico and not from California, as defendant was apparently led to believe. See id. Finally, and most importantly, defendant complains that TCAC2 was unresponsive and "has not provided the required information regarding the validity of the transfer of the loans to Plaintiff and, in particular, has not accredited the validity of the dubious endorsements." Id. at page 4. According to defendant, plaintiff's actions warrant the dismissal of the complaint pursuant to Rule 41(b)[3] of the Federal Rules of Civil Procedure for failure to comply with this court's scheduling orders and pursuant to Rule 37(b)(2)(A), which lists dismissal of an action as an available sanction against a party that fails to comply with discovery.

An involuntary dismissal may result under Rule 41(b) of the Federal Rules of Civil Procedure "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). "The authority of a federal trial court to dismiss a plaintiff's action ... because of his failure to prosecute cannot seriously be doubted." Link v. Wabash R.R., 370 U.S. 626, 629 (1962). "This power, which is of ancient origin ... is a necessary component of the authority and responsibility of the district courts to establish orderly processes and manage their calendars." Pomales v. Celulares Telefonica, Inc., 342 F.3d 44, 48 (1st Cir. 2003) (internal quotation marks omitted) (citing Young v. Gordon, 330 F.3d 76, 81 (1st Cir. 2003)). "[T]he district court's decision to dismiss a claim for failure to prosecute with or without prejudice is ordinarily within its discretion." The Shell Co. (P.R.) Ltd. v. Los Frailes Serv. Station, Inc., 605 F.3d 10, 26 (1st Cir.2010). "From a plaintiff's standpoint, the most dreaded sanction is dismissal with prejudice. Although this is strong medicine, not casually to be dispensed, a court may, in appropriate circumstances, dismiss a case with prejudice for violation of a judicial order without consideration of lesser sanctions." Tower Ventures, Inc. v. City of Westfield, 296 F.3d

---

[3] Rule 41(b) of the Federal Rules of Civil Procedure states that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Nevertheless, First Circuit precedent gives district courts broad discretion to involuntarily dismiss a case under Rule 41(b) in order to further its case management responsibilities. See Garcia-Perez v. Hosp. Metropolitano, 597 F.3d 6 (1st Cir. 2010); Ortiz-Anglada v. Ortiz-Perez, 183 F.3d 65 (1st Cir. 1999).

43, 46 (1st Cir. 2002). "While dismissal is appropriate only when a plaintiff's misconduct is extreme, wasting the court's time and ignoring court deadlines have been found reason enough to dismiss a complaint." Asociacion de Enfermeria Visitante Auffant, Inc. v. Great-West Life and Annuity Ins. Co., 775 F.Supp.2d 333, 348 (D.P.R. 2011) (citing Tower Ventures, 296 F.3d at 46). Dismissal for failure to prosecute is a sanction "reserved for cases of 'extremely protracted inaction (measured in years), disobedience of court orders, ignorance of warnings, contumacious conduct, or some other aggravating circumstance.'" Benítez-García v. González-Vega, 468 F.3d 1, 4 (1st Cir. 2012) (quoting Cosme Nieves v. Deshler, 826 F.2d 1, 2 (1st Cir.1987)).

A review of this case's docket reflects that plaintiff's conduct has not been the type to warrant dismissal under this rule. Hence, defendant's request for such a sanction at this stage of proceedings is **DENIED without prejudice**.

Nevertheless, "Rule 37 sets forth a clear path to be followed if a party believes that another litigant is not cooperating in the discovery process." R.W. Int'l Corp. v. Welch Foods, Inc., 937 F.2d 11, 18–19 (1st Cir. 1991). Under Rule 37, "the district court maintains a variety of tools at its disposal to sanction" a party that fails to comply with a discovery order. AngioDynamics, Inc. v. Biolitec AG, 780 F.3d 429, 435 (1st Cir. 2015) (citation omitted) (further noting that the choice of sanction lies within the purview of the district court and the standard of review is for abuse of discretion). See also Vallejo v. Santini-Padilla, 607 F.3d 1, 8 (1st Cir. 2010). When determining what sanction to impose, the district court considers a variety of factors. Among them:

> the nature of the misconduct and its repetition; degree of deliberateness; history of the litigation; whether the offender has had a fair warning of the possible consequences and an opportunity to explain or plead for leniency; the presence or absence of prejudice to the other party; aggravating or mitigating circumstances; and the impact of the district court's docket.

Hooper-Haas v. Ziegler Holdings, LLC, 690 F.3d 34, 38 (1st Cir. 2012) (discussing factors in the context of an entry of default as a sanction for discovery violation); Gagnon v. Teledyne Princeton, Inc., 437 F.3d 188, 197–98 (1st Cir. 2006).

But before sanctions are imposed, Rule 37 provides that a motion for an order compelling disclosure or discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37. Moreover, Local Rule 26 establishes that "[a] judge shall not consider any discovery motion that is not accompanied by a certification that the moving party has made a reasonable and good-faith effort to reach an agreement with opposing counsel on the matters set forth in the motion. An attempt to confer will not suffice." L.Cv.R. 26(b) (D.P.R. 2009). Defendant's pending motion does not contain such a certificate even though counsel for plaintiff has already reminded defendant's attorney of this requirement in a response to a previous motion to compel. See Docket No. 51 at page 3. Once again, plaintiff's motion lacks the required certification, thereby flouting the discovery rules under which it seeks redress. So, "[t]he Court reminds all parties that discovery disputes are to be addressed in a good-faith manner prior to bringing them to the attention of the Court. If a party is to request discovery remedies from the Court, it must first properly comply with Local Rule 26(b). **Otherwise, the request will be automatically denied.**" Puerto Rico Dairy Farmers Ass'n v. Comas-Pagan, No. CV 08-2191 (DRD), 2018 WL 8545950, at *3 (D.P.R. Mar. 6, 2018) (emphasis ours).

"[T]o add insult to injury,"[4] as defendant puts it, its motion is just a general blanket objection to plaintiff's responses, lacking sufficient specificity to direct the court's review. Essentially, defendant asks the court to go fishing in search for plaintiff's purported lack of

---

[4] Docket No. 75 at page 4.

cooperation or unresponsiveness. The court will not babysit this process. That's not how this works.

Hence, defendant's request to dismiss the above-captioned claim as a sanction for failure to comply with the rules of discovery is *automatically* **DENIED WITHOUT PREJUDICE**. Per the applicable rules, the parties are to **meet and confer within the next fourteen (14) days** to discuss their discovery dispute. If no agreement is reached, the parties are ordered to submit within fifteen (15) days thereafter, memorandums of law expressing their position as to the pertinence or privileged nature of the requested discovery. The motions shall be argued with specificity and proper support for this court to render an adequate ruling. The court has exhibited enough patience thus far in the face of the parties' bickering during the discovery proceedings in this case. Failure to cooperate on either part will be met with severe sanctions. Hence, "forewarned is forearmed, see Miguel de Cervantes, Don Quixote de la Mancha (circa 1615) … ." Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO v. Winship Green Nursing Ctr., 103 F.3d 196, 205 (1st Cir. 1996).

**IT IS SO ORDERED**.

In San Juan, Puerto Rico, July 24, 2020.

S/ JUAN M. PÉREZ-GIMÉNEZ
**JUAN M. PEREZ-GIMENEZ
SENIOR U.S. DISTRICT JUDGE**